UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 38 ROSLYN ASSOCIATES, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) NO.: 7:22-CV-00028-CS |
| v. | ) |
| | ) |
| LG ELECTRONICS U.S.A., INC. | ) |
| | ) |
| *Defendant*. | ) |

### DEFENDANT LG ELECTRONICS U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant LG Electronics U.S.A., Inc. ("LGEUS"), by and through undersigned counsel, hereby submits its Answer to Plaintiff's Complaint, and states as follows:

### PRELIMINARY STATEMENT

1. LGEUS denies the allegations in paragraph 1 of the Complaint and demands strict proof thereof.

2. LGEUS admits that lack of refrigerant will affect the ability of any air conditioning unit to cool or heat a building. LGEUS denies the remaining allegations in paragraph 2 of the Complaint and demands strict proof thereof.

3. LGEUS denies the allegations in paragraph 3 of the Complaint and demands strict proof thereof. As further response, LGEUS states that coils were tested to determine the cause of the leaks.

4. LGEUS denies the allegations in paragraph 4 of the Complaint.

5. LGEUS denies the allegations in paragraph 5 of the Complaint and denies that Plaintiff is entitled to any damages whatsoever.

**PARTIES**

6. Upon information and belief, LGEUS admits that 38 Roslyn Associates is a New York limited liability company. LGEUS lacks sufficient information or knowledge to admit or deny the remaining allegations in the Complaint and therefore denies the same.

7. LGEUS admits that it is incorporated in Delaware and that its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LGEUS denies all remaining allegations.

**JURISDICTION & VENUE**

8. LGEUS admits that the Court has subject matter jurisdiction over this matter, but denies that Plaintiff is entitled to any damages and demands strict proof thereof.

9. LGEUS admits that venue is proper in the Southern District of New York. LGEUS states that it sold the LG units to a distributor, who then sold the LG units to a contractor. LGEUS denies all remaining allegations in paragraph 9 of the Complaint.

**FACTUAL BACKGROUND**

10. LGEUS lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. LGEUS lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. LGEUS states that design of the HVAC system, including the selection of the units and other component parts of the HVAC system, by a qualified and experienced engineer is important when a developer is constructing a new building. LGEUS lacks sufficient information or knowledge to admit or deny why Plaintiff chose the LG units and therefore denies the same. LGEUS denies all remaining allegations contained in paragraph 12 of the Complaint.

13. LGEUS lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. LGEUS lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. LGEUS denies the allegations of paragraph 15 and demands strict proof thereof.

16. LGEUS admits that environmental conditions in the building caused formicary corrosion and formicary corrosion may cause pin hole leaks in the copper coils, and if there is loss of refrigerant in an HVAC system that can affect the ability of the HVAC system to heat or cool the building. LGEUS denies the remaining allegations of paragraph 16.

17. LGEUS denies the allegations of paragraph 17.

18. LGEUS denies the allegations of paragraph 18.

19. LGEUS denies the allegations of paragraph 19.

20. LGEUS denies the allegations of paragraph 20.

21. LGEUS denies the allegations of paragraph 21.

22. LGEUS denies the allegations of paragraph 22.

23. LGEUS lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. LGEUS denies the allegations of paragraph 24.

25. LGEUS denies the allegations in paragraph 25 of the Complaint.

26. LGEUS denies the allegations in paragraph 26 of the Complaint.

27. LGEUS denies the allegations of paragraph 27.

28. LGEUS denies the allegations of paragraph 28.

29. LGEUS denies the allegations of paragraph 29.

30. LGEUS denies the allegations of paragraph 30.

31. LGEUS denies the allegations of paragraph 31.

## AS AND FOR FIRST CAUSE OF ACTION
### (Fraudulent Concealment)

32. Defendant realleges and incorporates its responses to Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. LGEUS denies the allegations of paragraph 33.

34. LGEUS lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35. The allegations in paragraph 35 of the Complaint are a legal conclusion and do not call for a response from LGEUS, but to the extent LGEUS is required to respond, LGEUS denies the allegations in paragraph 35 of the Complaint.

36. The allegations in paragraph 36 of the Complaint are a legal conclusion and do not call for a response from LGEUS, but to the extent LGEUS is required to respond, LGEUS denies the allegations in paragraph 36 of the Complaint.

37. LGEUS denies the allegations of paragraph 37.

38. LGEUS denies the allegations of paragraph 38.

39. LGEUS denies the allegations of paragraph 39.

40. LGEUS denies the allegations of paragraph 40.

LGEUS further denies that Plaintiff is entitled to any damages, award, judgment, relief, fees, or costs whatsoever, including but not limited to, the judgment and damages requested in the un-numbered "WHEREFORE, premises considered" paragraph following Paragraph 40.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted and therefore should be dismissed.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable limitations period, statute of limitations, doctrine of repose, and/or latches.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred by the economic loss doctrine or economic loss rule.

**FOURTH DEFENSE**

Plaintiff has failed to join indispensable or other parties who are necessary for just adjudication.

**FIFTH DEFENSE**

Plaintiff's damages, if any, would be limited to those allowed for in the limited warranty that accompanied the LG units sold to Plaintiff. Plaintiff thus cannot recover any incidental, consequential, indirect, special, or punitive damages of any nature, including without limitation lost revenues or profits or any other damages based in contract, tort or otherwise. Plaintiff's damages are further limited to the extent Plaintiff have voided or breached the limited warranty agreement.

**SIXTH DEFENSE**

Plaintiff has waived any claims they may have by failing to make proper claims under the limited warranty that accompanied the LG units sold to Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claims fail as a matter of law because LGEUS is a distributor.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part because LGEUS was not in privity with Plaintiff.

**NINTH DEFENSE**

Plaintiff's remedies are limited by Plaintiff's agreement that the limited warranty it received was in lieu of any other warranty, express or implied.

**TENTH DEFENSE**

LGEUS denies that Plaintiff is entitled to any damages, award, judgment or relief whatsoever.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's lack of standing and/or lack of capacity to bring the present lawsuit.

**TWELFTH DEFENSE**

To the extent Plaintiff has any injuries or damages, such injuries or damages were the result of an intervening or superseding cause or the acts of third parties over which LGEUS had no responsibility or control, and for which LGEUS may not be held liable.

**THIRTEENTH DEFENSE**

Plaintiff's claims fail as a matter of law because LGEUS owed no duty to Plaintiff to disclose.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the misuse or improper use of the product(s) at issue.

**FIFTEENTH DEFENSE**

Plaintiff's alleged damages were not caused by any action of LGEUS. Plaintiff had its own experts who designed the building, including the HVAC system, and chose the building materials.

### SIXTEENTH DEFENSE

LGEUS is not responsible for the building materials and components of the building.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims, causes of action, and relief sought thereby.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands.

### NINETEENTH DEFENSE

Plaintiff cannot demonstrate that it has suffered actual damages as a result of any alleged representations made by LGEUS and thus, cannot recover on their claim under New York law.

### TWENTIETH DEFENSE

Plaintiff's claims against LGEUS are barred because LGEUS did not falsely represent any material fact to Plaintiff, and did not suppress any such fact.

### TWENTY-FIRST DEFENSE

Plaintiff's fraudulent concealment claim fails because LGEUS did not make any representation, omission, or practice that is likely to mislead a consumer acting reasonably in the circumstances.

### TWENTY-SECOND DEFENSE

Plaintiff's reliance on alleged representations made by LGEUS was unreasonable and unjustified as a matter of law.

### TWENTY-THIRD DEFENSE

Plaintiff failed to specify with the required particularity any alleged concealed information that was known to LGEUS.

### TWENTY-FOURTH DEFENSE

LGEUS's actions do not offend public policy nor are LGEUS's alleged actions immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

### TWENTY-FIFTH DEFENSE

Plaintiff fails to plead fraud with the required particularity.

### TWENTY-SIXTH DEFENSE

Plaintiff fails to allege who they spoke to at LGEUS prior to purchasing the products.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claim fail as matter of law because there was no reliance.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims against LGEUS fail as a matter of law for failure to establish reasonable reliance.

### TWENTY-NINTH DEFENSE

To the extent, Plaintiff suffered any damages, such damages were caused by, and are the responsibility of persons, parties and/or entities other than LGEUS, including but not limited to Plaintiff.

### THIRTIETH DEFENSE

The products that are the alleged subject of this lawsuit are not defective and were fit for their intended use.

## THIRTY-FIRST DEFENSE

Plaintiff or Plaintiff's agents failed to properly install, maintain, service, repair, or use the product that is the alleged subject of this lawsuit.

## THIRTY-SECOND DEFENSE

Plaintiff is the cause of the alleged damage and upon information and belief, LGEUS believes Plaintiff was informed of the cause of the damage.

## THIRTY-THIRD DEFENSE

The limited warranty does not cover the failure of the product due to incorrect or inadequate design or installation.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred because the product was altered, changed, improperly maintained or otherwise was not in the same condition in which it left the possession of LGEUS.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims for damages are barred because any damages suffered by Plaintiff was not proximately caused by acts or omissions of LGEUS.

## THIRTY-SIXTH DEFENSE

Plaintiff and/or their agents failed to mitigate damages.

## THIRTY-SEVENTH DEFENSE

Any claim for damage is limited to that provided under the limited warranty, if it has not been voided by Plaintiff and/or their agents' installation of the product at the location.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims for consequential damages are barred because Plaintiff's alleged damages are not capable of ascertainment with reasonable or sufficient certainty, and there is no basis on which a reasonable estimate of the amount of such alleged damages could be made.

## THIRTY-NINTH DEFENSE

LGEUS asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in New York.

## FORTIETH DEFENSE

To the extent Plaintiff seeks punitive damages against LGEUS, the punitive damages cannot be upheld because an award of punitive damages under New York law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by New York law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the New York Constitution.

## FORTY-FIRST DEFENSE

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in the cases of *BMW v. Gore*, 517 U.S. 559 (1996) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001).

## FORTY-SECOND DEFENSE

To the extent Plaintiff seeks punitive damages against LGEUS, the damages cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the New York Legislature limiting awards of exemplary damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

**FORTY-THIRD DEFENSE**

To the extent Plaintiff seeks punitive damages against LGEUS, an award of punitive damages would be barred because it will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, §9 of the United States Constitution.

**FORTY-FOURTH DEFENSE**

To the extent Plaintiff seeks exemplary damages against LGEUS, an award of punitive damages would be barred to the extent that Plaintiff seeks the admission into evidence of LGEUS's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because exemplary damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the provisions of the New York Constitution.

**FORTY-FIFTH DEFENSE**

LGEUS reserves its right to assert that the law other than the law of New York may apply.

**FORTY-SIXTH DEFENSE**

LGEUS reserves the right to assert other, additional or different defenses to Plaintiff's claims as additional facts or information are discovered.  To the extent that any of the allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 2nd day of May, 2022.

Respectfully submitted,

**OLSHAN FROME WOLOSKY, LLP**

By: */s/ Theodore J. Hawkins*

Thomas J. Fleming
Theodore J. Hawkins
OLSHAN FROME WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300
tfleming@olshan.com
thawkins@olshan.com

Jennifer M. Busby (*pro hac vice to be submitted*)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
(205) 458-5341
gbusby@burr.com

*Attorneys for LG Electronics USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send notice to:

Benjamin M. Rattner
Michael R. Wood
2 Westchester Park Drive, Suite 110
White Plains, NY 10604
(914) 967-2753
mike@xw.legal
ben@cw.legal

*Attorneys for Plaintiff*

　　　　　*/s/ Theodore Hawkins*
　　　　　　　　Attorney